UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG A. YOST,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTHER SALDANA NUNEZ, et al.,<br><br>    Defendants. | CASE NO. C25-0918JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are (1) Defendant Snohomish County Superior Court's ("SCSC") motion to dismiss (SCSC MTD (Dkt. # 22); SCSC Reply (Dkt. # 33)); and (2) Defendant Washington State Department of Social and Health Services, Tacoma Division of Child Support's ("DSHS") motion to dismiss (DSHS MTD (Dkt. # 25); DSHS Reply (Dkt. # 28)). SCSC and DSHS (together, "Moving Defendants") petition the court to dismiss Plaintiff Craig Yost's claims against them with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (SCSC MTD at 1; *see also* DSHS

MTD at 1.) Mr. Yost, who is appearing *pro se* and *in forma pauperis* ("IFP"), opposes both motions to dismiss. (Resp. (Dkt. # 30).) The court has considered Mr. Yost's complaint, the parties' submissions, and the governing law. Being fully advised,[1] the court GRANTS Moving Defendants' motions to dismiss; DISMISSES with prejudice Mr. Yost's claims against all Defendants for violations of his civil rights under § 1983, violation of the SCRA, and civil conspiracy under 42 U.S.C. § 1985(3); and DECLINES to exercise supplemental jurisdiction over Mr. Yost's state-law claims

## II.    BACKGROUND

On June 25, 2025, Mr. Yost filed a complaint against the Moving Defendants and individual Defendants Esther Saldana Nunez, Tracy D. Finnegan, Stephanie L. McNulty, and Leslie E. Gilbertson ("Individual Defendants," and together with Moving Defendants, "Defendants"), in which he contends Defendants (1) violated his rights under the Fourteenth Amendment and the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3931, and (2) engaged in a conspiracy to violate those rights. (Compl. (Dkt. # 12 at 1-15) at 11-12.) Mr. Yost further asserts state-law claims against Defendants for civil conspiracy,[2] intentional infliction of emotional distress, negligence, and violation of Washington Civil Rule 60. (*Id*.) He seeks damages and injunctive relief. (*Id*. at 5; *see*

---

[1] Mr. Yost requests oral argument on Defendants' motions to dismiss. (*See* MTD Resp. at 1.) The court, however, concludes that oral argument would not assist in its resolution of these motions. *See* Local Rules W.D. Wash. LCR 7(b)(4) (providing that all motions will be decided by the court without oral argument, unless otherwise ordered by the court).

[2] Because Mr. Yost alleges that Defendants engaged a civil conspiracy to deprive him of his servicemember and constitutional rights (*see* Compl. at 12), the court liberally construes the complaint to raise claims of civil conspiracy under both federal and state law.

ORDER - 2

*also id*. at 13.)  Mr. Yost does not name as a defendant or bring suit against any state officials acting in their individual or official capacity; instead, the individual Defendants are Mr. Yost's former spouse and the attorneys who represented her in legal proceedings in Snohomish County Superior Court.  (*See generally* Compl.; *see generally* MTD Resp.)

Mr. Yost, a Staff Sergeant in the U.S. Army, petitioned for dissolution of his marriage to Ms. Nunez in Snohomish County Superior Court in April 2019.  (*See* Compl. Exs. (Dkt. # 12 at 16-34) at 31.[3])  The matter was the subject of a bench trial that took place on March 31, 2022.  (*See id*.)  In a declaration he filed in Snohomish County Superior Court, Mr. Yost asserts that he "never once appeared in person" during the dissolution proceedings but instead "consistently participated remotely, fulfilling all required obligations without issue."  (*See id.* at 27.)  He also asserts that, despite being "on active duty . . . for the entire duration" of the proceedings and "stationed overseas in South Korea" for two of the four years, his "remote participation [was] effective and [he] fully complied with court orders and procedures."  (*Id*.)  Mr. Yost did not, however, appear at the bench trial and, as a result, "the judgment was defaulted against [him]."  (*See id*. at 31-32.)

On May 13, 2022, the Snohomish County Superior Court entered a judgment in the dissolution action regarding spousal support, child support, child visitation, and division of marital assets, and entered a restraining order against Mr. Yost.  (*See id*.)  Mr. Yost moved to vacate that judgment and filed a formal complaint with the Washington

---

[3] For exhibits to the complaint, the court cites to the page numbers in the ECF header.

ORDER - 3

State Bar Association alleging misconduct by Ms. Finnegan, Ms. McNulty, and Ms. Gilbertson because they knew of his active-duty status and "failed to disclose or correct this fact before the court." (Compl. at 11; *see also* Compl. Exs. at 30.) Subsequently, DSHS enforced the judgment, "initiating wage garnishment, reporting to credit bureaus, and [the suspension of Mr. Yost's] passport[.]" (Compl. at 11.) Mr. Yost contends the SCRA prohibits these actions, which resulted in "significant financial losses, reputational harm, and severe emotional distress[.]" (*Id.*)

### III. ANALYSIS

Below, the court reviews Moving Defendants' motions and addresses each argument in turn. Then, the court considers whether any federal claims survive against the Individual Defendants and determines whether to exercise supplemental jurisdiction over any remaining state-law claims. The court is mindful that Mr. Yost is proceeding *pro se* and, therefore, it must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nevertheless, a *pro se* litigant must follow the same rules of procedure that govern other litigants. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

**A. Motions to Dismiss**

The court first reviews the Moving Defendants' Rule 12(b)(1) arguments pertaining to Eleventh Amendment immunity and the *Rooker-Feldman* doctrine and then considers their Rule 12(b)(6) arguments pertaining to Mr. Yost's § 1983, SCRA, and civil conspiracy claims.

1. Rule 12(b)(1) - Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Absent subject matter jurisdiction, the court lacks authority to hear a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). The party asserting the court has jurisdiction bears the burden of proof. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A defendant may raise a challenge to the court's subject matter jurisdiction either factually or facially. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial attacks, like those Moving Defendants raise here, assert that the allegations on the face of the complaint, even if true, are insufficient to invoke federal jurisdiction. *Id*.

    a. Eleventh Amendment Immunity

State agencies are immune under the Eleventh Amendment from suits brought in federal court for either private damages or injunctive relief. *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003)); *see also id.* (affirming that the Eleventh Amendment prevents federal courts from hearing suits against a state, or an arm of the state, unless the state consents or Congress has abrogated the immunity).

Moving Defendants argue that the court lacks subject matter jurisdiction over Mr. Yost's claims against them because they are immune from suit under the Eleventh Amendment. (*See generally* SCSC MTD at 3-5; DSHS MTD at 4.) The court agrees. First, in the Ninth Circuit, county courts are generally recognized as arms of the state and

equivalent to state agencies. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding that "a suit against [a county court] is a suit against the State, barred by the Eleventh Amendment"); *see Lubiba v. King County Superior Court – Family Law Division*, No. C25-0799JNW, 2025 WL 1736326, at *2 (W.D. Wash. June 23, 2025) (holding that a Washington superior court is an arm of the state protected by Eleventh Amendment immunity) (citing *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)). Second, DSHS, too, is a state agency that has not waived its Eleventh Amendment immunity. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) (affirming that even if a state waives its Eleventh Amendment immunity, § 1983 "creates no remedy against a [s]tate"); *see Vaster v. W. State Hosp.*, No. C23-5571JLR-GJL, 2024 WL 779571, at *2 (W.D. Wash. Feb. 6, 2024) (holding that DSHS is an "arm[] of the State of Washington"). Accordingly, both Moving Defendants are immune from suit under the Eleventh Amendment.

        *b. Rooker-Feldman Doctrine*

Under the *Rooker-Feldman* doctrine, district courts are generally precluded from exercising appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* is a "narrow doctrine[] confined to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

1    Moving Defendants assert that Mr. Yost's claims are barred by the
2    *Rooker-Feldman* doctrine. (SCSC MTD at 5; *see id*. DSHS MTD at 56.) Again, the
3    court agrees. Although Mr. Yost contends that he "does not seek to relitigate a divorce
4    decree" (Resp. at 5), he ultimately seeks relief in federal district court from the adverse
5    state-court final judgment in his dissolution action (*see* Compl. Exs. at 29). As a result,
6    *Rooker-Feldman* applies and the court lacks jurisdiction to disturb the final state-court
7    judgment. *See Carmona v. Carmona*, 603 F.3d 1041, 1051 (9th Cir. 2010) (noting that
8    when the *Rooker-Feldman* doctrine applies, district courts properly dismiss claims for
9    lack of subject matter jurisdiction). Thus, the *Rooker-Feldman* doctrine provides a
10   second ground for dismissing Mr. Yost's claims against Moving Defendants for lack of
11   subject matter jurisdiction.

        2.    <u>Rule 12(b)(6) – Failure to State a Claim</u>

13   Even if the court had subject matter jurisdiction over Moving Defendants' claims,
14   it would nevertheless dismiss those claims for failure to state a claim under Federal Rule
15   of Civil Procedure Rule 12(b)(6). When evaluating a motion to dismiss under Rule
16   12(b)(6), the court construes the allegations in the complaint in the light most favorable
17   to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d
18   940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter,
19   accepted as true, to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft v.*
20   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
21   (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

      a. *§ 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege that (1) they suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

Here, Mr. Yost fails to state a claim upon which relief can be provided because neither Moving Defendant is a proper defendant in a § 1983 action. As discussed above, both Moving Defendants are arms of the state, and, thus, neither is a "person" that can be sued under § 1983. *Arizonans*, 520 U.S. at 69 ("§ 1983 actions do not lie against a state"); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983.") (citing *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997)). Therefore, Mr. Yost's § 1983 claims against Moving Defendants are subject to dismissal for failure to state a claim.[4]

      b. *SCRA*

The SCRA protects servicemembers by preventing courts from issuing default judgments against them in any civil or child custody proceeding when the servicemember

---

[4] Because the court dismissed Mr. Yost's § 1983 cclaims against Moving Defendants for lack of subject matter jurisdiction and for failure to state a claim, the court declines to consider whether the statute of limitations on those claims has expired. (*See* DSHS MTD at 4-5.)

fails to appear in court. 50 U.S.C. app. § 502(1); *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014). SCRA protections only apply to servicemembers who do not make an appearance in a legal action. *See* 50 U.S.C. § 3931(a) ("This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance."). When a party makes a submission or presentation to a court, they are generally considered to have made an appearance in that court. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) ("An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court.") (citation omitted); *cf. Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977) ("The appearance [needed to bring an action for default judgment] need not necessarily be a formal one, i.e., one involving a submission or presentation to the court."). Therefore, because initiating litigation necessarily involves an appearance in court, SCRA protections do not apply to servicemembers who initiate the underlying litigation. *See Wilson*, 564 F.2d at 369.

Here, Mr. Yost is not entitled to SCRA protections because he initiated the underlying action to dissolve his marriage to Ms. Nunez. (*See* Compl. Exs. at 29; *see also id.* at 31 ("[Mr. Yost] petitioned for Dissolution of Marriage in Snohomish County, WA in 2019 while stationed at USAG Humphreys, South Korea.")); 50 U.S.C. § 3931(a). Consequently, Mr. Yost fails to state a claim against Moving Defendants for violation of the SCRA.

   *c. Civil Conspiracy*

  42 U.S.C. § 1985(3) prohibits conspiracies to deprive "any person . . . the equal protection of the laws, or of equal privileges and immunities under the laws." *See* 42 U.S.C. § 1985(3).  To state a claim under § 1985(3), the plaintiff must plausibly allege that he or she suffered an actual injury or deprivation of rights as a result of the conspiracy and that the defendants conspired together to accomplish that deprivation. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  "[A]t least one of the wrongdoers in the alleged conspiracy [must] be a state actor." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (listing elements of a § 1985(3) claim).

  Here, as discussed above, neither of the Moving Defendants is a proper defendant under § 1983, and Mr. Yost is not a proper plaintiff under the SCRA.  Because Mr. Yost cannot sustain a claim against Moving Defendants for depriving him of constitutional or statutory rights, he also cannot sustain a claim that they conspired to deprive him of those same rights.  *Sever* 978 F.2d at 1536.  Thus, Mr. Yost fails to state a claim against Moving Defendants for civil conspiracy under federal law.

**B. Individual Defendants**

  The court liberally construes Mr. Yost's complaint as raising federal-law claims against the Individual Defendants for violation of the SCRA and for civil conspiracy under §1985(3), in addition to state-law claims for intentional infliction of emotional distress and civil conspiracy. (*See* Compl. at 11-12.)  Under 28 U.S.C. § 1915(e)(2)(B) a

federal district court must dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

As discussed above, Mr. Yost fails to state a claim for violation of the SCRA because he initiated the underlying litigation, s*ee Wilson*, 564 F.2d at 369, and for civil conspiracy under § 1985(3) because he is unable to show an actual deprivation of rights, *Sever*, 978 F.2d at 1536. Thus, the court must dismiss Mr. Yost's federal-law claims against the individual Defendants for violation of the SCRA and civil conspiracy pursuant to 28 U.S.C. § 1915(e)(2)(B).

C. **Leave to Amend**

When granting a motion to dismiss, a district court is generally required to grant the plaintiff leave to amend, even if no request to amend the complaint was made, unless the complaint could not possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Here the court finds that amendment would be futile because Mr. Yost cannot allege facts that would cure the deficiencies described in this order. Therefore, the court declines to grant Mr. Yost leave to amend his complaint and dismisses his federal-law claims against Defendants with prejudice.

### D. Supplemental Jurisdiction

When a district court has original jurisdiction over a plaintiff's federal claims, it also has supplemental jurisdiction to decide related state law claims. *See Pell v. Nunez*, 99 F.4th 1128, 1135 (9th Cir. 2024) (citing 28 U.S.C. § 1367(a)). When a district court "has dismissed all claims over which it has original jurisdiction," however, it "may decline to exercise supplemental jurisdiction" over remaining state law claims. 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, the court considers several factors, including judicial economy, comity, convenience, and fairness. *See O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994).

Given the absence of viable federal claims against Defendants, the court determines that the interests of judicial economy, comity, convenience, and fairness weigh against exercising supplemental jurisdiction over Mr. Yost's state-law claims. Therefore, the court exercises its discretion to DECLINE supplemental jurisdiction over Mr. Yost's state-law claims. 28 U.S.C. § 1367(c)(3). The court, therefore, dismisses the state-law claims without prejudice to Mr. Yost raising those claims in state court.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS SCSC and DSHS's motions to dismiss (Dkt. ## 22, 25) and DISMISSES Mr. Yost's federal claims against the Individual Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The court DISMISSES with prejudice Mr. Yost's claims against all Defendants for violations of his civil rights under § 1983, violation of the SCRA, and civil conspiracy under § 1985(3). The court

DECLINES to exercise supplemental jurisdiction over Mr. Yost's state-law claims without prejudice to Mr. Yost refiling those claims in state court.

Dated this 28th day of October, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 13